## DISTRICT COURT OF THE VIRGIN ISLANDS

## DIVISION OF ST. CROIX

| | |
|---|---|
| TERRANCE ALEXIS,<br><br>                                 **Plaintiff,**<br>    v.<br><br>HOVENSA, L.L.C., and HESS f/k/a<br>Amerada Hess Corporation,<br><br>                                **Defendants.** | 2007-CV-0091 |

**TO:** Lee J. Rohn, Esq.
       Stephanie L. Adler, Esq.

### ORDER DENYING PLAINTIFF'S MOTION TO DISQUALIFY

THIS MATTER came before the Court upon Plaintiff's Motion to Disqualify (Docket No. 18). Defendant filed an opposition to said motion to disqualify. Plaintiff then filed a motion for extension of time to file his reply to said opposition (Docket No. 22). Defendant filed an opposition to said motion for extension of time. The Court ordered that Plaintiff would have until May 7, 2008, to file any reply to Defendant's opposition to his motion for extension of time to file a reply to Defendant's opposition to his motion to disqualify (Docket No. 26). The time for filing the reply regarding Plaintiff's motion for extension of time has expired. The Court hereby will deny the motion for extension of time to file reply and issues this order denying Plaintiff's Motion to Disqualify without necessity of a reply.

*Alexis v. HOVENSA, L.L.C*
2007-CV-0091
Order Denying Plaintiff's Motion to Disqualify
Page 2

Plaintiff moves for the disqualification of Defendant's counsel, namely, Stephanie L. Adler. Plaintiff asserts that Attorney Adler is not licensed to practice law in the Virgin Islands. Plaintiff bases his position upon his interpretation of the holding in *Smith v. Magras* 124 F.3d 457 (3d Cir. 1997), that upheld the enforcement of the Virgin Islands licensing fee against individual attorneys.

## DISCUSSION

It is well established that

> [a] motion to disqualify a party's counsel requires the court to "balance the right of a party to retain counsel of his choice and the substantial hardship which might result from disqualification as against the public perception of and the public trust in the judicial system." *McKenzie Constr. v. St. Croix Storage Corp.*, 961 F. Supp. 857, 859 (D. Vi. 1997). "The district court's power to disqualify an attorney derives from its inherent authority to supervise the professional conduct of attorneys appearing before it." *Id*. (citing *Richardson v. Hamilton Int'l Corp.*, 469 F.2d 1382, 1385-86 (3d Cir. 1972)).

*Richards v. Lewis*, No. Civ. A. 05-0069, 2005 WL 2645001 at *2 (D.V.I. October 14, 2005).

Plaintiff argues that because Attorney Adler has not obtained a business license from the Virgin Islands Department of Licensing and Consumer Affairs she is not authorized to practice law in the Virgin Islands or before this Court. Defendants counter that Plaintiff has no standing to enforce a violation of V.I. Code Ann. tit. 27 § 301(a). Defendants further maintain that said licensing statute applies only to those engaged in

*Alexis v. HOVENSA, L.L.C*
2007-CV-0091
Order Denying Plaintiff's Motion to Disqualify
Page 3

any business, occupation, profession or trade in the Virgin Islands and that Attorney Adler is not so engaged.

Having reviewed the written submissions of the parties, the Court finds that Plaintiff does not have standing to allege or enforce a violation of V.I. Code Ann. tit. 27 § 301(a). The statute at issue does not provide a private right of action. As stated in subparagraph c of Section 307, enforcement of the statute is left to the Commissioner and the Attorney General. V.I. Code Ann. tit. 27 § 307(c).[1]

---

[1] Section 307 provides:

(a) Whoever willfully fails or refuses to comply with the provisions of this chapter shall be guilty of a misdemeanor and shall be liable to a fine not to exceed $500 and imprisonment not to exceed 30 days or both.

(b) The pertinent provisions of chapter 75, Title 14 of this Code shall apply to every application, statement, document, and to all information presented to the Commissioner in an application or at a hearing under this chapter.

(c) The Commissioner may refuse to issue any license until the license fee has been paid. The Attorney General may institute an action in any court of competent jurisdiction to enjoin any person or association from engaging without a license in any of the businesses, occupations, professions, or trades subject to the provisions of this chapter.

(d) In addition to the penalties prescribed in this section, an administrative fine of not more than 10% per month of the license fee may be assessed by the Commissioner against persons who have willfully failed or refused to comply with the provisions of this chapter, in the determination of the Commissioner, and the amount of such fine as finally determined by the Commissioner shall be paid by the applicant for a license who has commenced business operations without first obtaining a license therefor or an applicant for the renewal of a license who has not applied and paid for the same before the 31st day of January.

(e) In lieu of the penalties under subsection (a) of this section, any entity who willfully fails or refuses to comply with section 303b of this chapter shall be guilty of a misdemeanor and

*Alexis v. HOVENSA, L.L.C*
2007-CV-0091
Order Denying Plaintiff's Motion to Disqualify
Page 4

In addition, the Court finds that *Smith v. Magras*, 124 F.3d 457 (3d Cir. 1997), does not hold that attorneys who are properly admitted to the Virgin Islands bar but who do not obtain Virgin Islands business licenses from the Department of Licensing and Consumer Affairs are unauthorized to practice law in the Virgin Islands. In fact, the *Smith* court specifically states that it does not "reach the question whether [attorneys who do not ordinarily work in the Virgin Islands] are 'engaged in' being attorneys in the Virgin Islands." *Id*. at 464 n.5.

The court in *Smith* found Section 301(a) to be a revenue-generating provision that does not regulate the conduct of attorneys. *Id*. at 461-67. The holding in *Smith* is very narrow and limited to the imposition of fees upon individual attorneys who work as employees of a law firm or professional corporation that employs more than one attorney. *Id*. at 464 n.5 (where the court cautions, "[O]ur holding extends only to those non-owner attorneys of law firms who work in the Virgin Islands . . . ."). This Court finds that *Smith* is not applicable to the facts of this case.

Plaintiff does not dispute that Attorney Adler has passed the Virgin Islands bar examination and is otherwise properly admitted to the Virgin Islands bar. Because the

---

shall be fined not less than $500 for the first offense, and $1,000 for each offense thereafter.

V.I. CODE ANN. tit. 27 § 307 (1995).

*Alexis v. HOVENSA, L.L.C*
2007-CV-0091
Order Denying Plaintiff's Motion to Disqualify
Page 5

*Smith* decision cannot be expanded to apply to the facts in the present matter, the Court declines to find that Attorney Adler is unauthorized to practice law in the Virgin Islands solely because she has not obtained a business license from the Virgin Islands Department of Licensing and Consumer Affairs.

    Accordingly, it is hereby **ORDERED**:

    1.    Plaintiff's Motion to Disqualify (Docket No. 18) is **DENIED**.

    2.    Plaintiff's Motion For Extension of Time (Docket No. 22) is **DENIED**.

    ENTER:

Dated: May 16, 2008                    /s/
                                          GEORGE W. CANNON, JR.
                                          U.S. MAGISTRATE JUDGE