NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

Terrance ALEXIS,

    Plaintiff,

v.

HOVENSA LLC and HESS CORPORATION,

    Defendants.

Civ. No. 07-91

Opinion

THOMPSON, U.S.D.J.[1]

## INTRODUCTION

This matter comes before the Court upon a motion for summary judgment to compel arbitration filed by Defendants Hovensa, LLC and Hess Corporation ("Defendants"). (Docket No. 74). Plaintiff Terrance Alexis ("Plaintiff") opposes the motion. (Docket No. 81). The Court has decided the matter upon consideration of the parties' written submissions and oral arguments. For the reasons set forth below, the Court will grant Defendants' motion.

## BACKGROUND

I. *Procedural Background*

Plaintiff filed a Complaint against Defendants on August 1, 2007 alleging discrimination, defamation, breach of the duty of good faith and fair dealing, and negligent infliction of emotional distress. (Docket No. 1).

---

[1] The Hon. Anne E. Thompson, United States District Court Judge for the District of New Jersey, sitting by designation.

On October 10, 2007, Defendants filed a motion to stay the proceedings and compel arbitration. (Docket No. 7). Plaintiff opposed Defendants' motion to stay the proceedings and compel arbitration. (Docket No. 11). On July 9, 2008, Judge Finch issued an order denying Defendants' motion to stay the proceedings and compel arbitration. (Docket No. 28). Judge Finch's order stated the following:

> This matter comes before the Court on Defendants' Motion to Compel Arbitration. Plaintiff Terrance Alexis opposes such motion on the grounds inter alia that he never agreed to arbitrate. Defendants have not submitted an agreement to arbitrate signed by Alexis, except for an agreement to arbitrate disputes arising out of Alexis' employment application. However, they submit evidence intended to prove that Alexis did agree to comply with Hovensa's Dispute Resolution Program. Thus, the making of the arbitration agreement is unresolved and the Court must proceed summarily to the trial of this issue. *See Par-Knit Mills, Inc. v. Stockbridge Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980); 9 U.S.C. § 4. Alexis has the right to have this issue presented to a jury. *See Par-Knit Mills, Inc.*, 636 F.2d at 54; 9 U.S.C. § 4. Accordingly, it is hereby ORDERED that the issue of whether Alexis entered into an arbitration agreement with Defendants is to be scheduled for trial.

(*Id.*).

On June 2, 2009, this case was reassigned to Judge Savage. (Docket No. 47). On June 10, 2009, Judge Savage issued a standard scheduling order which set forth important trial dates and stated that all motions for summary judgment must be filed no later than November 13, 2009. (Docket No. 48). On September 18, 2009, Defendants filed the motion for summary judgment to compel arbitration that is the subject of this case. (Docket No. 74).

On July 2, 2014, this case was reassigned to Judge Thompson.

II. *Factual Background*

Hovensa made an offer of employment to Plaintiff on July 25, 2002. (Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 1). Plaintiff accepted that offer via letter on July 26, 2002. (Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 1).

Plaintiff's start date was August 26, 2002. Plaintiff's job title was Manager of Staffing, Affirmative Action and Outreach. (Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 1). Plaintiff was responsible for recruiting, community relations, and ensuring affirmative action goals were being met. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 2; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 2). One of Plaintiff's duties was to be fully aware of all documents given to new employees and to educate his staff regarding the orientation process. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 3; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 3). On December 6, 2004, Plaintiff was promoted to Manager of Human Resources, the second highest ranking employee in the Human Resources Department. (Docket No. 75, Defs.' Statement of Material Facts, ¶¶ 6, 9; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶¶ 6, 9). In May 2006, Plaintiff assumed the role of Acting Director of Human Resources. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 10; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 10). As the Acting Director of Human Resources, Plaintiff was the highest ranking employee in the Human Resources Department. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 11; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 11). Plaintiff has a Master's Degree in Organizational Management and had over ten (10) years experience in human resources prior to joining Hovensa. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 12; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 12).

While working in the Human Resources Department, Plaintiff was in charge of the new hire orientation process. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 39; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 39). One of the goals of the new hire orientation was to inform and educate new hires about the Hovensa Dispute Resolution Plan and

to obtain documentation from them regarding the Hovensa Dispute Resolution Plan. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 40; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 40). Hovensa's Dispute Resolution Program ("DRP") became effective on July 12, 2002. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 17; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 17). The DRP Options for Resolution states, in pertinent part, the following:

### Who is Covered

All employees employed by HOVENSA except those who are covered by a collective bargaining agreement.

Unless the specific exception noted above applies to you, you're automatically covered (no signature is required) if you:

- Complete and sign a HOVENSA employment application as a candidate
- Are a current employee and elect to participate in the HOVENSA Annual Compensation Plan and sign a DRP Agreement on or after July 12, 2002.

HOVENSA has adopted this three-option program as the exclusive means of resolving workplace disputes for legally protected rights. In adopting this program, Hovensa agrees also to use the program to resolve all workplace disputes (note that arbitration is not available unless a legally protected right is involved). Similarly, an employee who accepts or continues employment at Hovensa (as noted above) by accepting compensation for employment, agrees to resolve all legal claims against Hovensa . . . through this process rather than through the court system. If an employee files a lawsuit against Hovensa or any other parties listed above, Hovensa will ask the court to dismiss the lawsuit and refer it to the Dispute Resolution Program. This provision applies to any workplace dispute, regardless of when it arises, including disputes that arise after an employee leaves Hovensa.

(Docket No. 75, Defs.' Statement of Material Facts, ¶ 25; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 25).

Plaintiff testified that he knew and understood that when the DRP was implemented, all new hires agreed to be a part of the DRP as a condition of becoming employed and current employees were given the option of whether to join. (Docket No. 75, Defs.' Statement of

4

Material Facts, ¶ 24; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 24). Plaintiff signed and submitted a job application to Hovensa on July 23, 2002, after the effective date of the DRP. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 26; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 26). The job application signed by Plaintiff contained the following language:

> **PLEASE READ THE FOLLOWING STATEMENT CAREFULLY BEFORE SIGNING BELOW**
> I understand that any dispute between HOVENSA and me arising out of this application will be resolved under the HOVENSA Dispute Resolution Program (the Program) and that I may obtain a copy of the Program from the HOVENSA Human Resources Department. Disputes involving legally protected rights will be submitted to binding arbitration and I waive any right to bring a lawsuit or have a jury trial for any such dispute.

(Docket No. 75, Defs.' Statement of Material Facts, ¶ 27; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 27). Plaintiff also began his employment with Hovensa on August 26, 2002, after the effective date of the DRP. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 28; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 28).[2]

Plaintiff received and accepted Annual Compensation Plan ("ACP") bonus payments during his employment. (Docket No. 76, Pl. Dep. 176:1-2, 178:4-21, 179:1-25, 180: 1-25, 181:1-5, 12-19, 182:24-25, 183:1-11, Exs. 37, 38, 40, 41, 42). Plaintiff was made aware during his employment that the ACP Bonus was conditioned upon signing the DRP. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 63; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 63). Had Plaintiff not agreed to the DRP, he would not have been eligible to receive ACP bonuses. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 64; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 64).

---

[2] Hovensa has never allowed any employee to negotiate or 'opt-out' of the DRP. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 29; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 29).

## LEGAL STANDARD

On a motion for summary judgment, the moving party will prevail if it establishes that there is no genuine issue as to any material fact and it is entitled to judgment as a matter of law. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585-87 (1986) (existence of a factual dispute will not defeat summary judgment; rather, the dispute must be genuine and the fact must be material); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A question of fact is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

## ANALYSIS

Defendant argues that Plaintiff's claims are subject to arbitration pursuant to the terms of the DRP.

The validity of an arbitration agreement is generally governed by the Federal Arbitration Act. 9 U.S.C. § 1 *et seq.* ("FAA"). The FAA "embodies a liberal federal policy favoring arbitration agreements," *Hill v. Rent-A-Center, Inc.*, 398 F.3d 1286, 1288 (11th Cir. 2005) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)), and was enacted in response to historic judicial hostility toward arbitration. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-27 (1985). Federal courts have held that requiring arbitration of federal statutory employment claims is not an unlawful employment practice. *Circuit City v. Adams*, 532 U.S. 105, 122-23 (2001); *Gilmer v. Interstate/Johnson Lane*

*Corp.*, 500 U.S. 20, 26 (1991); *Mitsubishi Motors*, 473 U.S. at 628. In determining whether a binding arbitration agreement exists between the parties, courts first look to the requirements of the FAA and then apply the contract law of the particular state or territory that governs the formation of contracts. *Perry v. Thomas*, 482 U.S. 483, 492 n.9 (1987).[3]

"Under Virgin Islands law, the essential prerequisites for the creation of a valid contract are a bargain in which there is a manifestation of mutual assent to the exchange and a consideration." *Nat'l Fin. Partners Corp. v. Cunning*, CIV 2008-37, 2009 WL 1939818 (D.V.I. July 7, 2009). Restatement (Second) of Contracts §50 provides:

> (1) Acceptance of an offer is a manifestation of assent to the terms thereof made by the offeree in a manner invited or required by the offer.
>
> (2) Acceptance by performance requires that at least part of what the offer requests be performed or tendered and includes acceptance by a performance which operates as a return promise.

A signature is not required to accept a contractual offer where the offeror invites acceptance by performance. *See* Restatement (Second) of Contracts § 50.[4] In such circumstances, where the offeree performs the act required to signify assent to the contractual terms, performance constitutes acceptance and a binding contract is formed. *See* Restatement (Second) of Contracts § 62.

Here, the DRP constitutes a binding contract to arbitrate disputes between Plaintiff and Hovensa under the general principles of contract law in the Virgin Islands as expressed in the

---

[3] The Restatement of Contracts is controlling in the Virgin Islands absent a conflicting Virgin Islands statute.

[4] In *Caley v. Gulfstream Aero. Corp.*, the court conducted an analysis of the FAA, applicable case law, and the Restatement (Second) of Contracts, which is controlling in the Virgin Islands absent a conflicting Virgin Islands statute. 428 F.3d 1359, 1369 (11th Cir. 2005). The Court held that the plain language of Section 2 of the FAA only requires that an arbitration provision be "written," and that neither Section 2 nor any other section of the FAA requires that the agreement to arbitrate be signed by either party. *Id.*

Restatement (Second) of Contracts. Hovensa employees not covered by a collective bargaining agreement, who applied for and accepted employment after July 12, 2002, are subject to the DRP. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 25; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 25). Plaintiff signed and submitted a job application to Hovensa on July 23, 2002, after the effective date of the DRP. (Docket No. 77, Ex. 6). Additionally, Plaintiff began his employment with Hovensa on August 26, 2002, over a month after the effective date of the DRP. (Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 1). Therefore, Plaintiff's conduct of applying for and accepting employment at Hovensa, after the effective date of the DRP, constitutes acceptance of the DRP.

Plaintiff's conduct during his employment with Hovensa, including the acceptance of ACP bonuses, further manifests Plaintiff's assent and ratification of the DRP. The Restatement (Second) of Contracts § 19 provides that assent may be manifested by conduct:

> (1) The manifestation of assent may be made wholly or partly by written or spoken words or by other acts or by failure to act.
> (2) The conduct of a party is not effective as a manifestation of his assent unless he intends to engage in the conduct and knows or has reason to know that the other party may infer from his conduct that he assents.

*See id.* at cmt. a ("Conduct may often convey as clearly as words a promise or an assent to a proposed promise."). *See also Teamsters Local Union No. 764 v. J.H. Merritt & Co.*, 770 F.2d 40, 42 (3d Cir. 1985) ("An arbitration agreement, however, need not be express; it may be implied from the conduct of the parties").

Here, Plaintiff's actions manifest his assent to the DRP and his conduct amounts to ratification of the terms of the DRP agreement. Plaintiff was a high ranking employee in the Human Resources Department, the department responsible for implementing and coordinating the DRP. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 11; Docket No. 85, Pl.'s

Response to Defs.' Statement of Material Facts, ¶ 11). Plaintiff testified that he knew and understood that when the DRP was implemented, all new hires agreed to be a part of the DRP as a condition of becoming employed and current employees were given the option of whether to join. (Docket No. 75, Defs.' Statement of Material Facts, ¶ 24; Docket No. 85, Pl.'s Response to Defs.' Statement of Material Facts, ¶ 24). Moreover, Plaintiff assented to and ratified the DRP agreement by accepting ACP bonus payments that required participation in the DRP as a condition for eligibility.[5] Accordingly, Plaintiff's conduct amounts to ratification of the DRP, resulting in a binding arbitration agreement between Plaintiff and Hovensa.

Plaintiff claims that Judge Finch's order, stating that "the making of the arbitration agreement is unresolved" and "the Court must proceed summarily to trial of this issue," requires the Court to deny Defendants' motion to compel arbitration. (Docket No. 28).[6] In *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, the Third Circuit addressed the issue of renewed motions to compel arbitration after discovery has been conducted. 716 F.3d 764, 776 (3d Cir. 2013). The

---

[5] Recently, in *Wilhelm v. Hovic*, the District Court of the Virgin Islands addressed whether Hovensa's DRP, the same arbitration agreement that is at issue here, was binding on a plaintiff, also a Hovensa employee, who argued that the DRP was voidable because Hovensa allegedly misrepresented the character, purpose and effect of the DRP. *See* CIV. 2005-7, 2009 WL 424592, *4 (D.V.I. Feb. 19, 2009). The Court held that plaintiff's acceptance of at least one ACP bonus payment, expressly conditioned on participation in the DRP, after she knew of the alleged fraudulent inducement, acted to ratify the DRP agreement. *See id.* at *5-6.

[6] Plaintiff further argues that Hovensa's DRP is invalid because it is unconscionable and impermissibly waives Plaintiff's constitutional right to a jury trial. (Docket No. 81). This Court previously upheld Hovensa's DRP in the *Wilhelm v. Hovic* and these arguments are without merit. CIV. 2005-7, 2009 WL 424592 (D.V.I. Feb. 19, 2009).

Court stated the following:

> [W]hen it is apparent, based on 'the face of a complaint, and documents relied upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.' But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.' After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard.

*Id.* (Citations omitted). Based on the Third Circuit's ruling in *Guidotti*, the Court is entitled to consider Defendants' motion for summary judgment to compel arbitration despite Judge Finch's prior ruling.

For the reasons set forth above, the Court will find that Plaintiff's claims are subject to arbitration pursuant to the terms of the DRP.

## CONCLUSION

For the reasons set forth above, Defendants' motion for summary judgment will be granted. An appropriate order will follow.

ANNE E. THOMPSON, U.S.D.J.